PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Pedro A. Jimenez
Irena Goldstein

*Proposed Attorneys for the Debtors and Debtors-in-Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :
In re:                                            :   Chapter 11
                                                  :
MAXCOM USA TELECOM, INC.,                          :   Case No. 19-23489 ([___])
                                                  :
            Debtor.                                :   (Joint Administration Requested)
                                                  :
------------------------------------------------------------------x
------------------------------------------------------------------x
                                                  :
In re:                                            :   Chapter 11
                                                  :
MAXCOM TELECOMUNICACIONES, S.A.B. DE :   Case No. 19-23491 ([___])
C.V.,                                             :
            Debtor.                                :   (Joint Administration Requested)
                                                  :
------------------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE**
**JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Maxcom USA Telecom, Inc. ("Maxcom USA") and Maxcom Telecomunicaciones,

S.A.B. DE C.V. ("Maxcom Parent"), the above-captioned debtors and debtors in possession

(collectively, the "Debtors") file this motion (the "Motion") for entry of an order, substantially in

the form attached hereto as Exhibit A, (a) authorizing the Debtors to (i) continue the use of their

existing cash management system, (ii) maintain their existing bank accounts and (iii) continue to

use their existing business forms, (b) authorizing the Debtors to continue to enter into and

perform under intercompany transactions and historical practices, and (c) granting an extension

of time for the Debtors to comply with section 345(b) of the Bankruptcy Code through and

including October 18, 2019 (the "345 Deadline").  In support of this Motion, the Debtors

respectfully state, as follows:

## BACKGROUND[1]

1.       The Debtors are an integrated telecommunication services operator providing

voice and data services to residential and small- and medium-sized business customers in

markets that the Debtors believed were underserved by Teléfonos de México, S.A.B. de C.V.,

the local telecommunication incumbent, and other competing telecommunications providers.

2.       Like in many geographies around the world, the telecommunications industry in

Mexico is evolving rapidly with many of the Debtors' competitors deploying modern fiber and

wireless networks throughout Mexico, with telecommunications companies in Mexico investing

millions of dollars in installing fiber optic transmissions systems to provide greater telephony

capacity, quality and reliability.

3.       As a result, in order to continue to improve their infrastructure and maintain their

market share, the Debtors have continued to invest heavily in infrastructure improvements, while

also recognizing the need to service their obligations.  To accomplish these goals, the Debtors

undertook numerous efforts to improve their liquidity and restructure their balance sheet,

including the sale of several non-strategic assets.

4.       These other restructuring measures, however, failed to generate the level of

liquidity needed to fund necessary capital expenditures and continue to service their debt

---

[1]    The facts and circumstances supporting this Motion are set forth in the *Declaration of Erik González Laureano in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein. All amounts contained herein are listed in U.S. dollars. Certain amounts have been converted from Mexican pesos to U.S. dollars.  Unless otherwise indicated, the exchange rate used herein is the buying rate for pesos reported by the Banco de Mexico on June 30, 2019 of Ps. 19.1685 per $1.00.

obligations, including the upcoming maturity on the Debtors' Step-Up Senior Notes due 2020

(the "Old Notes").

5.    The Debtors thus determined it would be necessary to restructure the Old Notes.

Uncertain whether they would be able to obtain support from noteholders sufficient to effectuate

an out of court restructuring of the Old Notes, the Debtors also decided to pursue a restructuring

of the Old Notes through the use of prepackaged chapter 11 cases.  To that end, on June 17,

2019, the Debtors launched an exchange offer and solicited votes from all holders of the Old

Notes on their Joint Prepackaged Chapter 11 Plan dated June 17, 2019 (as same may be

amended, the "Plan").

6.    The Plan generally provides that (a) the holders of Old Notes are impaired,

receiving (i) Senior Notes,  (ii) Junior PIK Notes, (iii) the Cash Payment, and (iv) Cash in an

amount equal to the amount of interest accrued on the Old Notes up to the Effective Date, and

(b) all claims and interests other than the Old Notes—including general unsecured claims and

existing equity interests in the Debtors—will not be impaired.

7.    The Debtors extended the voting deadline on the Plan several times, with the last

extension expiring on August 14, 2019, at 5:00 p.m. New York City time.  66.73% in amount

and 84.75% in number of holders of Old Notes that cast ballots on the Plan voted to accept the

Plan.

8.    On August [19], 2019 (the "Petition Date"), each of the Debtors filed a petition

with this Court under chapter 11 of the Bankruptcy Code to effectuate the Plan, enhance

liquidity, and solidify their long-term growth prospects and operating performance.  The Debtors

are operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee

or examiner has been made in these chapter 11 cases, and no committees have been appointed or

designated.  The Debtors have requested procedural consolidation and joint administration of

these chapter 11 cases.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York dated January 31, 2012.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with

Article III of the United States Constitution.

10.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.      The statutory and legal bases for the relief requested herein are section 105(a) of

the Bankruptcy Code and Bankruptcy Rule 1015.

## RELIEF REQUESTED

12.      By this Motion, the Debtors seek entry of an order, pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rule 1015(b) directing the joint administration of these

chapter 11 cases for procedural purposes only.  Specifically, the Debtors request that the Clerk of

the United States Bankruptcy Court for the Southern District of New York, (the "Clerk of the

Court") maintain one file and one docket for all of the jointly administered cases under the case

number of Maxcom USA and that the Clerk of the Court administer the cases under a

consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------ x<br>:<br>In re:                                     :<br>:<br>MAXCOM USA TELECOM, INC., et al.[1]  :<br>:<br>        Debtors.                 :<br>:<br>:<br>------------------------------------------------------------ x | Chapter 11<br><br>Case No. 19-23489 ([___])<br><br>(Jointly Administered) |

---

[1]   The Debtors, together with the last four digits of each Debtor's tax identification number, Maxcom USA Telecom, Inc. (7220) and Maxcom Telecomunicaciones, S.A.B. de C.V. (8KT0). The location of Debtor Maxcom Telecomunicaciones, S.A.B. de C.V.'s corporate headquarters and service address are: Guillermo González Camarena, 2000, Centro Ciudad, Santa Fé, Mexico, CDMX. The service address for Debtor Maxcom Telecom USA Inc. is c/o United Corporate Services, Inc., Ten Bank Street, Suite 560, White Plains, NY 10606.

13.      In addition, the Debtors request that a docket entry, substantially similar to the following, be made on the docket of each of the Debtors' chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Maxcom Telecomunicaciones, S.A.B. DE C.V. and Maxcom USA Telecom, Inc., **The docket in the chapter 11 case of Maxcom USA Telecom, Inc., Case No. [  ], should be consulted for all matters affecting this case.**

### BASIS FOR RELIEF REQUESTED

14.      Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

15.      As described in the First Day Declaration, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and are "related parties" within Bankruptcy Rule 1015(b). Accordingly, this Court is authorized to grant the relief requested herein.

16.     Given the commercial and corporate relationships among the Debtors, joint administration of these chapter 11 cases will provide administrative convenience without harming the substantive rights of any party.  Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect each of the Debtors.  Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections.  Moreover, joint administration will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee and allow all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

17.     Further, joint administration of these chapter 11 cases will not give rise to any conflicts of interest among the Debtors' estates, nor will it prejudice or adversely affect the rights of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of their estates.  Parties in interest will not be harmed by the relief requested, but instead, will benefit from the cost reductions associated with the joint administration of these cases.

18.     For these reasons, the Debtors respectfully submit that the joint administration of these cases is appropriate and is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest, and therefore, this Motion should be granted.

## NOTICE

19.     The Debtors will provide notice of this Motion to: (a) Richard Morrissey, Esq., Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; (c) counsel to the indenture trustee for the Old Notes; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on

this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this

Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of

the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.    No prior request for the relief sought in this motion has been made to this or any

other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of an Order, substantially in the

form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such

other relief as is just and proper.

Dated: August 19, 2019
      New York, New York

                PAUL HASTINGS LLP

                */s/ Pedro A. Jimenez*

                Pedro A. Jimenez, Esq.
                Irena Goldstein, Esq.
                PAUL HASTINGS LLP
                200 Park Avenue
                New York, NY 10166
                Telephone: (212) 318-6000
                Facsimile: (212) 319-4090
                pedrojimenez@paulhastings.com

                *Proposed Counsel to the Debtor and Debtor-in-Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                        :
In re:                                  :      Chapter 11
                                        :
MAXCOM USA TELECOM, INC.,               :      Case No. 19-23489 ([____])
                                        :
            Debtor.                     :      (Joint Administration Requested)
                                        :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
                                        :
In re:                                  :      Chapter 11
                                        :
MAXCOM TELECOMUNICACIONES, S.A.B.       :      Case No. 19-23491 ([____])
DE C.V.,                                :
            Debtor.                     :      (Joint Administration Requested)
                                        :
-----------------------------------------------------------------x

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"):   (a) directing

procedural consolidation and joint administration of the Debtors' related chapter 11 cases and

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2), and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors,

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      These chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court.

3.      The Clerk of the Court shall maintain one file and one docket for both of these chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Maxcom USA Telecom, Inc., Case No. 19-[  ].

4.      All pleadings filed in these chapter 11 cases shall bear a consolidated caption in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------ x<br><br>In re:<br><br>MAXCOM USA TELECOM, INC., et al.[1]<br><br>     Debtors.<br><br>------------------------------------------------------------ x | Chapter 11<br><br>Case No. 19-23489 ([___])<br><br>(Jointly Administered) |

2

[1]    The Debtors, together with the last four digits of each Debtor's tax identification number, Maxcom USA Telecom, Inc. (7220) and Maxcom Telecomunicaciones, S.A.B. de C.V. (8KT0). The location of Debtor Maxcom Telecomunicaciones, S.A.B. de C.V.'s corporate headquarters and service address are: Guillermo González Camarena, 2000, Centro Ciudad, Santa Fé, Mexico, CDMX.  The service address for Debtor Maxcom Telecom USA Inc. is c/o United Corporate Services, Inc., Ten Bank Street, Suite 560, White Plains, NY 10606.

5.    The clerk of the court shall made a docket entry in each of the Debtors' chapter 11 cases substantially as follows:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Maxcom Telecomunicaciones, S.A.B. DE C.V. and Maxcom USA Telecom, Inc., **The docket in the chapter 11 case of Maxcom USA Telecom, Inc., Case No. [  ], should be consulted for all matters affecting this case.**

6.    One consolidated docket, one file, and one consolidated service list shall be maintained for the chapter 11 cases by the Debtors and kept by the Clerk of the Court.

7.    The Debtors and the Clerk of the Court are authorized to take any and all actions necessary to implement the relief granted in this order.

8.    Nothing contained in the Motion or this Order shall be deemed as constructed as directing or otherwise effecting a substantively consolidation of the chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    The court retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019                    _____
White Plains, New York                    UNITED STATES BANKRUPTCY JUDGE

3